## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 27 2018, 8:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT, PRO SE

Antwaun Baker
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Antwaun Darez Baker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 27, 2018

Court of Appeals Case No.
49A02-1608-PC-1882

Appeal from the Marion Superior Court

The Honorable David Seiter, Commissioner

Trial Court Cause No.
49G20-1206-PC-42191

**Pyle, Judge.**

# Statement of the Case

Antwaun Darez Baker ("Baker"), pro se, appeals the post-conviction court's denial of his petition for post-conviction relief, in which he sought to set aside his guilty plea to Class A felony dealing in cocaine based on a claim of ineffective assistance of guilty plea counsel. Concluding that Baker has failed to meet his burden of showing that the post-conviction court erred by denying relief on his allegation of ineffective assistance of counsel, we affirm the post-conviction court's judgment.

We affirm.

# Issue

Whether the post-conviction court erred by denying Baker's petition for post-conviction relief.

# Facts

In early 2012, the Indianapolis Metropolitan Police Department's ("IMPD") Metro Drug Task Force ("Drug Task Force") worked with a confidential informant who made two controlled buys of cocaine from Baker in Marion County. On February 13, 2012, Baker sold over five grams of cocaine to the confidential informant, and on March 29, 2012, he sold over twenty-seven grams of cocaine. Special agents from the Drug Enforcement Agency ("DEA") assisted the Drug Task Force with the March controlled buy.

A few months later, on June 20, 2012, detectives from the Drug Task Force, including Detective Dale Young ("Detective Young") arrested Baker at his

home in Hendricks County. At the time of his arrest, Baker was in possession of more than thirty grams of cocaine. Baker and his wife signed a consent to search their house.

On June 21, 2012, the State charged Baker in Marion County with two counts of Class A felony dealing in cocaine and two counts of Class C felony possession of cocaine based on the two controlled buys. Baker was represented by attorneys, Kim Devane ("Attorney Devane") and Stephen Gray ("Attorney Gray").[1]

In July 2012, Attorney Devane engaged in plea negotiations with a Marion County deputy prosecutor ("the deputy prosecutor"). Thereafter, the deputy prosecutor sent Attorney Devane an email to memorialize their discussions, which included an agreement for Baker to plead guilty to one count of Class A felony dealing in cocaine in exchange for the State's agreement to dismiss the remaining three charges. The agreement also called for an executed sentence of twenty-five (25) years with twenty (20) years to be served in the Indiana Department of Correction and five (5) years open to placement after argument by the parties. The deputy prosecutor's email also indicated that Baker's rejection of the proposed plea agreement would lead to additional charges being filed against Baker in Hendricks County and in federal court, as well as a charge being filed against Baker's wife for her involvement with Baker's drug deals.

---

[1] Baker initially hired Attorney Devane to represent him, and he later consulted with and then hired Attorney Gray to also represent him.

The email indicated that the Hendricks County charge would be for Baker's possession of the thirty grams of cocaine at the time of his arrest and that the federal charge would be for his drug deals in Marion County. The email also indicated that the Marion County charges would be dismissed upon the filing of a federal indictment.

[7] Thereafter, Attorney Gray requested that the deputy prosecutor include a specific provision in the plea agreement that no additional charges, State or federal, would be filed against Baker or his wife if Baker were to plead guilty. The deputy prosecutor agreed and added the following requested provision: "The State will not file additional charges in Hendricks County, against the spouse of the defendant, or pursue federal charges." (Ex. Vol. at 37). Attorney Devane and Attorney Gray advised Baker that he should accept the proffered plea agreement. They believed that the plea agreement was in Baker's best interest given the weight of the evidence against him and the greater penal consequences that he would face with convictions in the federal system and in Hendricks County. Baker agreed to plead guilty pursuant to the plea agreement.

[8] In September 2012, the trial court held a guilty plea hearing. When the trial court asked Baker's counsel about the unique plea agreement provision precluding additional charges, Attorney Gray gave the trial court the following explanation:

> I'm aware of that provision and in fact that was something that [the deputy prosecutor] and I discussed in depth. There were

apparently federal agents who were involved in this investigation. And [the deputy prosecutor] spoke to them about this matter. And he has assurances from the U.S. Attorney[']s office that if Mr. Baker took this plea agreement as proposed, that they would not pursue federal charges. Likewise the same is true with Hendricks County. At the time of Mr. Baker's arrest, which was for conduct I believe that had occurred earlier that June, I think that it occurred in February, at the time of his arrest, they found some additional cocaine on him in Hendricks County. And it[']s those charges that they have agreed not to file. . . .

* * * * *

I understand the awkwardness of it. I asked --- I specifically asked for that language. [The deputy prosecutor] did that. And I'm comfortable with it.

(Ex. Vol. at 22-23). Attorney Gray also informed the trial court that he and Attorney Devane had discussed the plea agreement with Baker and that they had Baker consult with other attorneys who were knowledgeable in federal law, including Tim Burns and Jack Crawford. Additionally, Attorney Gray stated that it was "the consensus that this plea, although . . . harsh in terms of twenty-five executed years, . . . [wa]s better than the alternative of facing charges at the U.S. Attorney's office and additional A Felony charges in Hendricks County" for which Attorney Gray "did not see a defense to those charges in Hendricks County." (Ex. Vol. at 31). Thus, Attorney Gray concluded that "there [wa]s no question in [his] mind that this plea agreement [wa]s in [Baker's] best interest." (Ex. Vol. at 32).

[9] At the conclusion of the hearing, Baker pled guilty to one count of Class A felony dealing in cocaine. Thereafter, the trial court sentenced Baker, pursuant

to the plea agreement, to twenty-five (25) years with twenty (20) years to be served in the Indiana Department of Correction and five (5) years to be served in community corrections on home detention. No further State or federal charges were filed against Baker or his wife.

[10] A few years later, in May 2014, Baker filed a pro se petition for post-conviction relief and then filed an amended pro se petition in August 2015. He alleged that he had received ineffective assistance of trial counsel. In relevant part, Baker alleged that his attorneys had given him "erroneous advice" when they advised him to plead guilty in exchange for the State's promise that no further State or federal charges would be filed against him. (App. Vol. 2 at 16, 27). Baker argued that the advice was erroneous because the deputy prosecutor in his case did not have the authority to file federal charges or State charges in another county, and he alleged that he would not have pleaded guilty if he had known that the deputy prosecutor did not have the authority to file these additional charges.

[11] The post-conviction court held post-conviction hearings on November 6, November 20, and December 4, 2015. Baker represented himself. He testified on his own behalf and presented testimony from his wife and from Attorney Devane, Attorney Gray, and Detective Young. Baker also introduced various exhibits, which included among others, his plea agreement, the transcript of his guilty plea hearing, and a probable cause affidavit.

[12] When Attorney Devane and Attorney Gray testified, they explained their strategy behind why they had recommended Baker to plead guilty. Attorney Gray and Attorney Devane testified that Baker could have been charged in Hendricks County and indicted in the federal system. They pointed out that he had sold cocaine on two occasions to a confidential informant and that he had cocaine in his possession when he was arrested in Hendricks County. Attorney Devane testified that that she had spoken with a DEA Agent and that the "federal marshals and the DEA were chomping at the bit" to indict Baker. (Tr. Vol. 2 at 41). Attorney Devane also testified that she had recommended various attorneys with whom Baker could speak about the federal sentencing guidelines.

[13] Attorney Gray testified that "there was no question in [his] mind that had [Baker] not signed the plea, [he] would have been indicted by the federal government." (Tr. Vol. 3 at 22). Attorney Gray practiced federal law and testified that he believed Baker would have received a harsher sentencing under the federal sentencing guidelines. Specifically, he explained that Baker would have had to serve eighty-five percent of any federal sentence compared to only fifty percent for a state sentence. (Tr. Vol. 3 at 31). Attorney Gray opined that the State would have been able to prove the Marion County charges against Baker beyond a reasonable doubt, and he testified that, upon his investigation of the potential of a charge in Hendrick County charge, he also believed that Baker could have been charged with possession in Hendricks County. (Tr. Vol.

3 at 31). Attorney Gray testified that he believed that the plea agreement was in Baker's "best interest[.]" (Tr. Vol. 3 at 10).

[14] Thereafter, the post-conviction court entered an order denying post-conviction relief to Baker.[2] In regard to Baker's claim of ineffective assistance of counsel, the post-conviction court found that Baker had failed to meet his burden of showing that his two attorneys had rendered deficient performance. Baker now appeals.

# Decision

[15] At the outset, we note that Baker has chosen to proceed pro se. Pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

---

[2] The post-conviction court signed the post-conviction order on April 5, 2016 but did not enter it into the chronological case summary until July 20, 2016.

[16] Baker appeals the post-conviction court's order denying post-conviction relief on his claim of ineffective assistance of trial counsel.[3] Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal case citations omitted), *trans. denied.* Additionally, "[w]e will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court." *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, *cert. denied*.

---

[3] Baker's post-conviction petitions contained multiple allegations of ineffective assistance of counsel; however, he raises only one allegation of ineffectiveness on appeal.

[17]  Turning to Baker's post-conviction claim regarding ineffective assistance of counsel, we note that such a claim requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). Failure to satisfy either of the two *Strickland* prongs will cause an ineffective assistance of counsel claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[18]  The United States Supreme Court has held that the two-part test set forth in *Strickland* applies to a petitioner's challenge to a guilty plea based on alleged ineffective assistance of counsel. *See Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). The *Hill* Court explained that, for a claim of ineffective assistance of guilty plea counsel, the first prong of *Strickland* (the deficient performance prong) is substantially the same and focuses on attorney competence, while the second *Strickland* prong (the prejudice prong) "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice'

requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id. See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). *See also Segura v. State,* 749 N.E.2d 496, 501-07 (Ind. 2001) (discussing the *Hill* Court's prejudice prong requirement, and setting forth a distinction between: (1) prejudice resulting from counsel's failure to advise the defendant on an issue that impairs or overlooks a defense; and (2) prejudice resulting from an incorrect advisement of penal consequences).

[19] We will not address the prejudice prong of Baker's claim because he did not establish the first required prong of his ineffective assistance of counsel claim (i.e., showing that his counsels' performances were deficient by falling below an objective standard of reasonableness based on prevailing professional norms). *See French*, 778 N.E.2d at 824 (explaining that a petitioner's failure to satisfy either the deficient performance prong or the prejudice prong will cause an ineffective assistance of counsel claim to fail).[4]

---

[4] We note, however, that there is caselaw suggesting that there are some questions about whether the *Segura* Court properly interpreted *Hill* and whether our Court is properly applying the *Segura*'s prejudice standard for ineffective assistance of guilty plea counsel instead of the analysis in *Hill* and *Lee*. *See Lee*, 137 S. Ct. at 1965 (declining to adopt a per se rule that a defendant with no viable defense cannot show prejudice from the denial of his right to trial under such circumstance and noting that the "inquiry . . . prescribed in *Hill v. Lockhart* focuses on a defendant's decisionmaking, which may not turn solely on the likelihood of conviction after trial"); *Payne v. Brown*, 662 F.3d 825, 828 (7th Cir. 2011) (disagreeing with the holding in *Segura* regarding the prejudice requirement that a petitioner would need to show a more favorable result at trial); *Manzano v. State,* 12 N.E.3d 321, 326 n. 1 (Ind. Ct. App. 2014) (rejecting the *Payne* Court's interpretation and continuing to apply the *Segura* standard because "the Seventh Circuit's decisions on questions of federal law are not binding on state courts"); *Bobadilla v. State*, -- N.E.3d --, 2018 WL 543066 (Ind. Ct. App. Jan. 25, 2018) (where a majority panel of our Court distinguished *Lee* and applied the *Segura* prejudice requirement,

[20] Turning to Baker's argument on appeal, we note that when reviewing a claim that counsel's performance was deficient, we consider the following:

> There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.

*Stevens v. State*, 770 N.E.2d 739, 746-47 (Ind. 2002) (internal citations omitted), *reh'g denied*, *cert. denied*. "Few points of law are as clearly established as the principle that '[t]actical or strategic decisions will not support a claim of ineffective assistance.'" *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (quoting *Sparks v. State*, 499 N.E.2d 738, 739 (Ind. 1986)), *reh'g denied*.

[21] Baker contends that his attorneys rendered ineffective assistance by advising him to plead guilty in exchange for the deputy prosecutor's promise that there would be no further State or federal charges against him or his wife. Baker contends that counsels' advice was "erroneous" and "bad legal advice" because the deputy prosecutor did not have the authority to file these additional charges. (Baker's Br. 9). Yet, at the same time, Baker "does not dispute that the federal

---

and the dissent disagreed with the majority's holding that the petitioner had failed to show prejudice and stated that the petitioner had met his burden under *Lee*) (Vaidik, C.J., dissenting), *trans. pending*.

authorities and the Hendricks County prosecutor could have possibly filed charges against him if they wanted to." (Baker's Br. 14).

[22] Baker has failed to show that his counsels' performances were deficient or that they fell below an objective standard of reasonableness when they advised him to plead guilty. Indeed, the record before us reveals that Baker's attorneys made a strategic decision when advising Baker to plead guilty. While in Marion County, Baker sold over five grams of cocaine to a confidential informant on one day and then sold over twenty-seven grams of cocaine to a confidential informant on a different day, during which time the DEA was involved in the investigation. When Baker was arrested in Hendricks County, he had more than thirty grams of cocaine in his possession.[5] After Baker was charged in Marion County with two counts of Class A felony dealing in cocaine and two counts of Class C felony possession of cocaine, Attorney Devane engaged in plea negotiations with the deputy prosecutor. They reached a plea agreement wherein Baker would plead guilty to one Class A felony count in exchange for the dismissal of the remaining three charges and for a set executed sentence of twenty-five years, which was below the advisory sentence for a

---

[5] In its order, the post-conviction court made a finding that "[w]hen [Baker] was arrested in Hendricks County for this case, he and his wife both gave Hendricks County law enforcement officers permission to search the wife's house. Illegal drugs were apparently found." (App. Vol. 2 at 76). Baker argues that this finding was clearly erroneous because: (1) it was IMPD and Hamilton County Sheriff's Department—not Hendricks County law enforcement—who arrested him; and (2) the drugs found in his possession that day were in his pocket—not in wife's house. Thus, Baker does not dispute that he was in possession of cocaine in Hendricks County, nor does he dispute that his possession of the drug would have formed the basis of a felony charge in Hendricks County. Therefore, we will not further address Baker's challenge to the trial court's finding.

Class A felony. Baker's attorneys were aware that the police had found Baker in possession of a large amount of cocaine in Hendricks County when they arrested him, and Attorney Devane knew that the "federal marshals and the DEA were chomping at the bit" to indict Baker. (Tr. Vol. 2 at 41). Baker's attorneys were aware that Baker's rejection of the guilty plea agreement could result in additional charges in State court and in a federal indictment. The attorneys, along with Baker, consulted other attorneys knowledgeable in federal law, and they concluded that Baker had the potential of receiving a harsher sentencing under the federal sentencing guidelines. Attorney Gray requested that the deputy prosecutor include a specific provision in the plea agreement that no charges, State or federal, would be filed against Baker or his wife if Baker were to plead guilty, and the deputy prosecutor agreed. Based on all these circumstances, Attorney Devane and Attorney Gray advised Baker to plead guilty pursuant to the plea agreement. Baker then pled guilty to the Class A felony in Marion County, and, as set out in the plea agreement, no further state or federal charges were filed against Baker or his wife.

[23] In regard to Baker's ineffective assistance of trial counsel claim that he now raises on appeal, the post-conviction court determined that Baker had failed to meet his burden of showing that the advice that he had received from counsel was incorrect and failed to show that counsels' representation fell below an objective standard of reasonableness. Because Baker has failed to show that the evidence as a whole leads unerringly and unmistakably to an opposite

conclusion than that reached by the post-conviction court, we affirm the post-conviction's judgment.

Affirmed.[6]

Riley, J., and Robb, J., concur.

---

[6] Baker also makes a fleeting argument that his guilty plea was not knowingly or voluntary made because his trial counsel rendered ineffective assistance. However, Baker conflates the two arguments. The voluntariness of a plea is distinct from a claim of ineffective assistance of counsel, and the two claims are reviewed under different standards. *See Hanks v. State*, 71 N.E.3d 1178, 1189 (Ind. Ct. App. 2017), *trans. denied*. Our review of the voluntariness of a guilty plea "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." *State v. Moore*, 678 N.E.2d 1258, 1266 (Ind. 1997), *reh'g denied*, *cert. denied*. Baker's involuntary plea argument is waived because he did not provide a cogent argument and did not support the contention with citation to relevant authority. *See* Ind. App. Rule 46(A)(8)(a); *see also Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority").